## J. W. Edwards *v.* Dickerson, Rice & Bishop.

**Evidence—Conversion of Note—Subjecting Property—Burden of Proof.**
  In a suit to subject the property of W. to the payment of creditors of G. on the ground that W. had converted a note belonging to G., the burden of proof is on the plaintiff to show that the note in controversy was the property of G., and no explanatory proof is required by W. until some evidence has been adduced showing some right to it by G.

**Fraudulent Conveyances—Dealings Between Father and Son.**

The facts were held to show that the relations and dealings between a father and his son did not constitute a combination between them to place the father's property beyond the reach of his creditors.

APPEAL FROM PENDLETON CIRCUIT COURT.

December 20, 1872.

OPINION BY JUDGE PRYOR:

We can not concur with the court below that the goods of Wesley Edwards, or their proceeds, were liable to the creditors of George Edwards, by reason of the note on Parker, pledged by the former, to the firm of Butterworth & Potts as securety for his, Wesley Edwards', individual liability. If the note on Parker belonged to George Edwards, and had been used by him in the payment of his own debt, then it would have been right and proper to make Wesley Edwards account for its value. There is no evidence showing that George Edwards ever was the owner of the Parker note, or that he at any time had it in his possession.

The nearest approach to establishing George Edwards' right to it is the statement of Carny that the holder of the note proffered to trade it to him (Edwards), and a statement by an attorney who says his information is that he saw the name of George Edwards endorsed on the note when in the possession of a salesman of Butterworth & Potts, to whom Wesley Edwards had pledged it.

The agent or salesman of the firm of Butterworth & Potts, says that George Edwards' name was not upon the paper; that Wesley Edwards had possession of the note, and placed it with the firm of whom he purchased his goods as collateral security for a debt he owed them, there can be no doubt. The burthen of proof was on the appellees to satisfy the court that the note in controversy was the property of George Edwards, and no explanatory statements or proof was required of Wesley Edwards (his possession and claim of ownership being conceded) until there was some evidence conducing to show some right to it, in George Edwards, the father.

Nor is there any evidence tending to show any combination between the father and son, or an effort upon the part of the latter to place the property of the father beyond the reach of his creditors. The statement made by a clerk of Dickerson Price, etc., that he

saw some two or three articles in the store of Wesley Edwards that had been in the firm of which he was clerk, is accounted for by proof showing that Wesley Edwards purchased at an auction sale in Falmouth a bill of goods and among the goods sold were hats, books, etc., and the latter may have obtained these articles in that way. Whether he did or not, this court, will not upon his failure to account for the possession of these two or three articles hold him responsible for the debt of his father.

The evidence shows him to be an honest, industrious young man, and although not yet of age, the proceeds of his daily labor have been expended by him in contributing to the support of his father's family, a circumstance that repels the charge of fraud instead of sustaining it.

The goods in the father's store at the time Wesley Edwards began his career as a merchant, were of but little value, and they were levied on by a constable and sold. It would have been an easy matter for the appellee to have ascertained from the holder of the note to which of the two parties he sold it, they having alleged that it was George Edwards property must prove it. Wesley Edwards is the owner and entitled to the note in controversy.

The right of property in this Parker note being the only question presented by this appeal, the judgment of the court below is reversed with directions to dismiss the suit as against Wesley Edwards, and for further proceedings consistent herewith.

The judgment on the cross appeal is *affirmed.*

*Clark & Dills, for appellant.*

*Ireland & Dederick, for appellees.*